UNITED STATED DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISON

| | |
|---|---|
| PATRICIA SHERWOOD,<br><br>            Plaintiff,<br><br>v.<br><br>REVCO SOLUTIONS, INC.,<br><br>            Defendant. | **Case No.:** 5:23-cv-00559<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1.    **FDCPA, 15 U.S.C. § 1692,** *et seq*.<br>2.    **TDCA, Tex. Fin. Code § 392** |

Plaintiff Patricia Sherwood ("Plaintiff"), through counsel, alleges violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, as well as violations of the Texas Debt Collection Act, Texas Finance Code Chapter 392 ("TDCA"), against Defendant Revco Solutions, Inc. ("Revco" or "Defendant").

## INTRODUCTION

1. This is an individual FDCPA and TDCA action brought by a consumer alleging statutory damages, actual damages, and additional damages as the Court may allow based upon violations of 15 U.S.C. §§ 1692e(2)(A), e(10) and f(1) and the TDCA, plus attorneys' fees and costs. The FDCPA and TDCA prohibit debt collectors from engaging in abusive, misleading/deceptive, and unfair collection practices.

## JURISDICTION AND VENUE

2. The Court has federal question jurisdiction over these claims pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue in the Western District of Texas is proper pursuant to 28 U.S.C. § 1391 because Defendant regularly transacts business within this District or is otherwise subject to

1

personal jurisdiction in this District, and a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## PARTIES

4. Plaintiff is a natural person obligated or allegedly obligated to pay any debt. She is therefore a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3), and the TDCA, § 392.001(1). Plaintiff resides in Selma, Texas.

5. Defendant is a foreign corporation that regularly conducts business in Texas on a routine and systematic basis. Defendant is headquartered at 2700 Meridian Parkway, Suite 200, Durham, North Carolina 27713. Defendant is in the business of contacting consumers to collect consumer debt. Defendant can be served through its registered agent, Corporation Service Company, located at 211 E 77th Street, Suite 620, Austin, TX 78701.

6. Defendant regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is therefore a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6). Defendant regularly uses the telephone and mail to engage in the business of collecting debts and/or alleged debts from consumers in several states, including Texas.

7. Defendant is also a "debt buyer" as that term is used by Tex. Fin. Code § 392.307(2), as Defendant purchases or otherwise acquires consumer debt from a creditor or other subsequent owner of the consumer debt.

8. Any violations by Defendant as set forth in this Complaint were knowing and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

9. During all times pertinent to this Complaint, Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. On or about February 3, 2014, Plaintiff opened a credit card account ending with ************2450 with USAA Savings Bank (the "USAA Account").

11. Plaintiff subsequently fell on hard times, however, and ceased making payments on USAA Account debt on or about January 1, 2018.

12. On or about February 11, 2022, Plaintiff received a debt collection letter from Defendant seeking to collect debt owed for the USAA Account (the "USAA Debt").

13. On or about March 14, 2022, Plaintiff received a second debt collection letter from Defendant seeking to collect debt owed for the USAA Account.

14. On or about May 4, 2022, Plaintiff received a third debt collection letter from Defendant seeking to collect debt owed for the USAA Account (the "Collection Letter").

15. The Collection Letter stated that "This is a communication from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose."

16. In the Collection Letter, Defendant indicated that Plaintiff owed a total due amount of $9,082.42 for the USAA Account.

17. In the Collection Letter, Defendant stated "We request you pay the first payment of $681.19 by 06/03/2022 and then pay that same amount by the same day of each following month until all payments have been made."

18. The USAA Debt, however, is clearly time-barred under the applicable Texas statute of limitations, which prohibits debt buyers, like Defendant, from directly or indirectly

commencing an action against a consumer more than four (4) years after the day the cause of action accrues. Tex. Fin. Code § 392.307(c); Tex. Civ. Prac. & Rem. Code § 16.004.

19. The Collection Letter failed to disclose that the USAA Debt is a time-barred debt, and that the debt is unenforceable, as statutorily required by Tex. Fin. Code § 392.307(e).[1]

20. The Collection Letter further failed to inform Plaintiff that any payment, partial or otherwise, could reinstate the statute of limitations.

21. Defendant designed the Collection Letter as a bill (demand for payment), indicating to consumers like Plaintiff that an outstanding balance was owed, and payment was due on the debt. The Collection Letter to Plaintiff included information allowing Plaintiff to pay by check or debit card, and offering incentives, such as accepting a discounted payment, if Plaintiff were to settle the USAA Debt before a certain date.

22. Upon information and belief, Defendant included language in the Collection Letter to make Plaintiff believe that she was legally responsible for the USAA Debt.

23. Defendant's attempts to collect the USAA Debt from Plaintiff were deceptive, misleading, unfair, unconscionable, and plainly violated numerous provisions of the FDCPA and TDCA.

24. Defendant's collection efforts caused Plaintiff to suffer concrete and particularized injuries and harm. Defendant injured Plaintiff by trying to extract money from Plaintiff that she did not owe. Defendant placed Plaintiff in fear of legal proceedings or other

---

[1] "If a debt buyer is engaged in debt collection for a consumer debt for which an action to collect the debt is barred under Subsection (c), the debt buyer … shall provide the following notice in the initial written communication with the consumer relating to the debt collection: 'THE LAW LIMITS HOW LONG YOU CAN BE SUED ON A DEBT. BECAUSE OF THE AGE OF YOUR DEBT, WE WILL NOT SUE YOU FOR IT … THIS NOTICE IS REQUIRED BY LAW.'" Tex. Fin. Code § 392.307(e).

avenues that Defendant might pursue to collect the alleged debt. Plaintiff was extremely distressed because she was worried that she might have been mistaken about her legal obligation to pay the purported debt and had no idea how she would be able to pay the purported debt.

25. As a result of Defendant's Collection Letter, Plaintiff incurred attorney's fees for the review of credit reports.

26. Plaintiff also spent a substantial amount of time and effort to resolve Defendant's claim.

27. As a result of Defendant's conduct, Plaintiff has sustained actual damages including, but not limited to, embarrassment, stress and anxiety, lost sleep, emotional and mental pain, and anguish. 15 U.S.C. §§ 1692e(2)(A), e(10) and f(1); Tex. Fin. Code §§ 392.403(a)(2), (b).

## COUNT I
## DEFENDANT'S VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e(2)(A)

28. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. The FDCPA is a comprehensive regulatory scheme that Congress enacted to eliminate abusive, deceptive, and unfair debt collection practices by debt collectors and to promote consistent state action to protect consumers against debt collection abuses. 15 U.S.C. §§ 1692(a), (e).

30. When Congress enacted the FDCPA in 1977, Congress had found that abusive debt collection practices harmed consumers by, among other things, increasing personal bankruptcy, marital instability, loss of employment, and invasion of privacy.

31. Defendant used the mail to pursue an uncollectible debt against Plaintiff.

32. Upon information and belief, Defendant utilizes these false, deceptive, misleading, unfair, and unconscionable tactics as a matter of course when attempting to collect debts from consumers such as Plaintiff, despite the fact that Defendant knew or should have known that its collection letters were in violation of Texas law.

33. In this case, Defendant failed to include the statutorily required notice on its collection letter(s) to Plaintiff, giving Plaintiff the false impression that the USAA Debt is enforceable and collectible notwithstanding the fact it failed to disclose that the USAA Debt is time-barred and unenforceable. Defendant further failed to disclose that any payment could restart the statute of limitations.

34. Defendant's conduct is intentional. Defendant did not maintain procedures reasonably adapted to avoid such conduct, but rather intended the conduct.

35. Defendant violated § 1692e(2)(A) of the FDCPA by misrepresenting the legal status of the alleged debt that it attempted to collect from Plaintiff. Defendant's misrepresentations were made knowingly and with the intent to deceive and coerce the least sophisticated consumer. 15 U.S.C. § 1692e(2)(A).

36. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff into paying the USAA Debt.

37. Defendant's debt collection actions, including sending the Collection Letter to Plaintiff, used false, deceptive, or misleading representations or means in connection with the collection of a debt.

38. As a result of Defendant's actions, Plaintiff suffered injuries in fact, including but not limited to, the above-referenced economic damages, as well as emotional distress, embarrassment, frustration, and lost sleep. She is entitled to recover actual damages, statutory

damages, declaratory relief, injunctive relief, attorneys' fees and costs.

## COUNT II
### DEFENDANT'S VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692f(1)

39. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect a debt, including but not limited to, taking action to collect debt.

41. Defendant's unfair and unconscionable means include, without limitation, attempting to collect a time-barred debt without disclosing that the debt is time-barred and unenforceable and without warning Plaintiff that a payment would reinstate the statute of limitations.

42. Defendant's actions were false, deceptive, or misleading representations or means used in connection with the collection of an alleged debt.

43. As a result of the foregoing violations of the FDCPA, Plaintiff suffered injuries in fact, including but not limited to the above-referenced economic damages, as well as emotional distress, embarrassment, humiliation, frustration, lost sleep, and interference with usual activities. Defendant is liable to Plaintiff for actual damages, statutory damages, costs, and attorney fees.

## COUNT III
### DEFENDANT'S VIOLATION OF TEXAS DEBT COLLECTION ACT
### Tex. Fin. Code § 392.304

44. Plaintiff incorporates by reference all of the above paragraphs of this Complaint

as though fully stated herein.

45. Chapter 392, Section 304 of the Texas Finance Code provides as follows:

> **Except as otherwise provided by this section, in debt collection or in obtaining information concerning a consumer, a debt collector may not use a fraudulent, deceptive, or misleading representation that employs the following practices:**
> **…**
> **(8) misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding;**

46. The Collection Letter falsely and misleadingly suggested that the USAA Debt was enforceable by failing to disclose that the USAA Debt was time-barred and therefore unenforceable.

47. The Collection Letter failed misleadingly to disclose that any payment made by Plaintiff could restart the statute of limitations.

48. Defendant's acts as described above were done intentionally with the purpose of deceiving Plaintiff into paying the USAA Debt.

49. Defendant's debt collection actions, including sending the Collection Letter to Plaintiff, used false, deceptive, or misleading representations or means in connection with the collection of a debt.

50. As a result of Defendant's actions, Plaintiff suffered injuries in fact, including but not limited to, the above-referenced economic damages, as well as emotional distress, embarrassment, frustration, and lost sleep. She is entitled to recover actual damages, statutory damages, declaratory relief, injunctive relief, attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered against Defendant for the following:

A. Declaratory judgment that Defendant violated the FDCPA and/or the TDCA;

B. Actual damages pursuant to Tex. Fin. Code § 392.403(a)(2);

C. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

D. Injunctive relief prohibiting Defendant's continued abusive debt collection conduct in violation of the FDCPA;

E. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

F. Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3);

G. Costs and reasonable attorneys' fees pursuant to Tex. Fin. Code § 392.403(b); and

H. Any pre-judgment and post-judgment interest as may be allowed under the law.

## **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands a trial by jury in this action.

RESPECTFULLY SUBMITTED this 2nd day of May 2023,

> By: */s/ Levi Y. Eidelman*
> Levi Y. Eidelman, NY Bar No. 5742499
> **CONSUMER ATTORNEYS**
> 300 Cadman Plaza West
> 12th Floor, Suite 12040
> Brooklyn, NY 11201
> Telephone: (718) 360-0763
> Fax: (718) 715-1750
> Email: leidelman@consumerattorneys.com
>
> *Attorneys for Plaintiff Patricia Sherwood*